IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MILTON JOHNSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-941-WDS-CJP |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is the Report and Recommendation of United States Magistrate Clifford J. Proud, recommending that the final decision of the Commissioner of Social Security, denying plaintiff's application for Supplemental Security Income ("SSI") be affirmed (Doc. 25). Plaintiff's application, alleging disability beginning December 31, 1999, was denied by the administrative law judge ("ALJ") on April 20, 2011, and his request for review was subsequently denied by the Appeals Council on August 17, 2011. Plaintiff has filed objections to the Report and Recommendation (Doc. 26) to which defendant filed a response (Doc. 27). Pursuant to Title 28 U.S.C. § 636(b) and Rule 73.1(b) of the Local Rules, the Court will review *de novo* those portions of the Report and Recommendation to which written objections were made.

**LEGAL STANDARD**

"When the Appeals Council denies a request for review, as it has here, we review the ALJ's determination as the final decision of the Commissioner of Social Security." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011). Under the Social Security Act, the Court must sustain the Commissioner's findings if they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. *Richardson v. Perales*,

402 U.S. 389, 401 (1971); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court considers the entire administrative record, critically reviewing the evidence, but abstaining from reweighing evidence, resolving conflicts, deciding questions of credibility, or substituting its judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also, Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (A court must not "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations.")

Where the ALJ's decision denying claims is adequately supported, the Court must affirm the decision, even if reasonable minds could differ concerning the disability determination. *Elder*, 529 F.3d at 413. The ALJ's decision cannot be upheld "if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996). Where factual determinations are "unreliable because of serious mistakes or omissions, the reviewing court must reverse unless satisfied that no reasonable trier of fact could have come to a different conclusion, in which event a remand would be pointless." *Id*. at 309.

To receive disability benefits, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 423(d)(3). The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. § 404.1520. The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets

or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id.*

## BACKGROUND

Plaintiff was born in March, 1963, and was 36 years old when he allegedly became disabled in 1999. (Tr. 130) The record reflects that plaintiff underwent treatment and/or examinations by Dr. Granger, Dr. Chapa, Dr. Feinerman, and Dr. Deppe, a medical record assessment by state agency consultant, Dr. Gotway, and a psychiatric review by state agency consultant, Dr. Henson. In general terms, plaintiff complained of back and hip pain, and the inability to control his left leg, which he drags when he walks. Neither party objects to the Magistrate Judge's summary of the pertinent portions of the written, evidentiary record, and this Court, therefore, **ADOPTS** the summary of the record as set forth on pages 5-11 of the Report and Recommendation (Doc. 25).

The ALJ evaluated plaintiff's application through Step five of the sequential analysis as follows: at step one, the ALJ concluded that plaintiff had not worked since the application date and had no previous relevant work. (Tr. 12). At step two, he determined that plaintiff had one severe impairment (lumbar disc disease) and that plaintiff's mental impairments were not severe. (Tr. 12). At step three, the ALJ determined that these impairments did not meet or equal a listed impairment, which neither the plaintiff, nor his attorney, disputed. (Tr. 13). At step four, the ALJ concluded that plaintiff could perform a full range of work at the medium exertion level and that under the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, plaintiff was not disabled. (Tr. 13-16). At step five, the ALJ concluded that considering plaintiff's age, education, work experience, and residual functional capacity ("RFC"), jobs exist in significant numbers in the national economy that the plaintiff can perform. (Tr. 16-17). The Appeals

Council denied plaintiff's request for review. (Tr. 1-3).

Magistrate Judge Proud concluded that although the ALJ used boilerplate language, the ALJ gave valid reasons for finding that plaintiff was exaggerating the intensity, persistence and limiting effects of his symptoms; that the ALJ considered the relevant factors regarding plaintiff's credibility, and his reasons were supported by the record; that the ALJ did not overlook or ignore a line of evidence; that the ALJ's discussion of the doctors' reports were accurate, and were based upon the agency's own regulations; that the ALJ's conclusion regarding plaintiff's mental abilities was based on the evidence in the record; and, finally, the ALJ's assessment of plaintiff's RFC was supported by the opinion of state agency consultants. After careful consideration of the ALJ's decision and the record as a whole, the Magistrate Judge recommended affirmance of the ALJ's denial of plaintiff's application for disability benefits.

Plaintiff sets forth several objections to the Magistrate Judge's Report and Recommendation. Specifically, he asserts that: (1) the Magistrate Judge did not hold the ALJ to the proper legal standard regarding the determination of RFC in that (a) the ALJ failed to include limitations that were supported by the record; (b) the ALJ failed to consider possible mental limitations regarding detailed or complex instructions, and the prospect of conflict with others in the workplace; (c) the ALJ failed to build an accurate and logical bridge between the evidence and his findings; (d) the ALJ's RFC determination was not supported by substantial evidence; and (2) the Magistrate Judge did not hold the ALJ to the proper legal standard regarding the determination of credibility, in that the ALJ made summary and insufficient findings regarding Johnson's credibility by reaching illogical conclusions not supported by the record.

## ANALYSIS

### I. RFC Determination

Plaintiff first objects that the Magistrate Judge did not hold the ALJ to the proper legal standard regarding the determination of plaintiff's RFC. Plaintiff contends that the ALJ failed to include additional physical limitations supported by the record, failed to consider possible mental

4

limitations, failed to build an accurate and logical bridge between the evidence and his findings, and that the ALJ's final determination was not supported by substantial evidence.

Specifically, the plaintiff claims that the ALJ's RFC determination did not include limitations on plaintiff's ability to walk and bend that were supported by the record. The ALJ did, in fact, consider these limitations, as evidenced by his statement: "His physical examinations revealed some abnormalities, including decreased range of motion in flexion, extension and rotation secondary to pain, for which he prescribed medication." (Tr. 15). He also noted the plaintiff's statements that he had difficulty controlling his left leg, that plaintiff indicated to Dr. Chapa that he could not bend forward, that plaintiff testified that he has not been able to control his left leg for 10 years, and that 40 percent of the day was spent reclining or lying down. (Tr. 14-15). The ALJ determined, however, upon consideration of all of the evidence before him, that claimant's subjective statements were not fully supported by the evidence as a whole; and that no doctor who treated or examined the plaintiff stated or implied that he was disabled or totally incapacitated. (Tr. 15).

It is not the Court's job to reweigh the evidence, but merely determine whether the ALJ's determination is supported by more than a mere scintilla of evidence, and that there is a "logical bridge" between the evidence and the findings. In this case, the ALJ's determination meets these standards. Specifically, the ALJ's decision is supported by the statements and findings of the initial interviewer, Dr. Granger, Dr. Chapa, Dr. Feinerman, and Dr. Deppe. The initial interviewer noted that plaintiff walked "with no trouble." (Tr. 132). Dr. Granger noted that plaintiff had "mild left leg weakness." (Tr. 253). Dr. Chapa concluded that "[p]hysical examination is essentially unremarkable." (Tr. 202-205). Dr. Feinerman concluded that plaintiff was "able to sit, stand, walk, hear, and speak normally," and in addition was able to "lift, carry, and handle objects without difficulty." (Tr. 219). Further, the ALJ noted that an x-ray revealed "only mild marginal spurring of the L5 vertebra with S1 disc space narrowing at L5-S1 and mild spurring of the T12, L1 and L2 vertebra." (Tr. 15). He also noted, however, that even the

doctors who reviewed this medical evidence did not state or imply that plaintiff was disabled or totally incapacitated. (Tr. 15). The ALJ further noted that physical examinations by plaintiff's treating physician revealed some abnormalities, but even the treating physician did not "put any specific limitations on the claimant's ability to perform any work related functions." (Tr. 15). The record includes substantial evidence supporting the ALJ's determination of residual functional capacity.

The same is true with regard to the ALJ's determination regarding plaintiff's mental functioning. Dr. Deppe concluded the plaintiff had fair to good abilities to relate to others, to understand and follow simple instructions, to maintain attention required to perform simple, repetitive tasks, and to withstand the stress associated with day-to-day work activity. (Tr. 212-13). The Court agrees with Magistrate Judge Proud, that:

> most work requires the ability to understand, carry out and remember *simple* instructions. 20 C.F.R. § 416.921(b). Thus, Dr. Deppe's report indicates that Mr. Johnson has the ability to meet the basic mental demands of most work. Further, as there is no indication in the record that Mr. Johnson was limited with regard to complex instructions, this argument is a red herring.

(Doc. 25 at 14).

The ALJ weighed the evidence on the record to form his conclusion, including the plaintiff's testimony, alleged symptoms, statements regarding work history, medical evidence, statements from plaintiff's family members, and state agency consultants' reports. The reasons stated on the record by the ALJ build a logical bridge between the evidence and the result, and this Court must, therefore, uphold the ALJ's decision on this basis. Plaintiff's objection on the basis that the ALJ did not apply the appropriate standard regarding RFC, is, accordingly, **OVERRULED**.

**II. Credibility Determination**

In a related objection, the plaintiff asserts that the Magistrate Judge did not hold the ALJ to the proper legal standard regarding the determination of credibility. "A credibility assessment

is afforded special deference because the ALJ is in the best position to see and hear the witness and determine credibility." *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000). The ALJ's assessment should be analyzed according to commonsense, rather than "nitpicking at it." *Id.* Furthermore, an ALJ's credibility determination is upheld unless it is "patently wrong." *Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012).

Plaintiff cites *Villano v. Astrue*, 556 F.3d 558 (7th Cir. 2009), to support his position that the ALJ erred by making summary and insufficient findings regarding plaintiff's credibility, and by reaching conclusions that were illogical and not supported by the record. In *Villano*, the Seventh Circuit explained that "[i]n determining credibility, an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, and limitations, . . . , and justify the finding with specific reasons." 556 F.3d at 562. Additionally, "the ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it." *Id*.

This case is distinguishable from *Villano*, however, because the ALJ did consider each of the factors listed above, but then stated that the plaintiff's subjective statements were not supported by the evidence as a whole, specifically noting the following in his findings: (1) the plaintiff gave conflicting statements as to why he was no longer employed (at one point stating that he stopped working in March of 1998 when his lawyer told him not to return to work, and at another time stating that he had been fired after he sued his employer); (2) no doctor who treated or examined the plaintiff stated or implied that he was disabled or totally incapacitated; (3) the plaintiff has not received the type of treatment indicative of disabling conditions (which the ALJ recognized could have been due to plaintiff's financial difficulties); (4) physical examinations by the plaintiff's treating physician revealed some abnormalities, however, there is no indication that the treating physician put any specific limitation on the plaintiff's ability to perform any work-related functions; (5) the plaintiff stated, and his mother and sister indicated that he was

7

able to do particular household chores, but could not lift anything,[1] to which the ALJ concluded that the plaintiff's daily activities are only restricted by the plaintiff's own choice and not by any apparent medical proscription; and that (6) the ALJ agreed with the two state agency consultants regarding the nature and severity of plaintiff's impairments, and their opinions are treated as expert opinion evidence of non-examining sources. (Tr. 14-16). Thus, the ALJ, in accordance with the law, considered a great deal of evidence, and did not discredit the plaintiff's testimony *solely* because there was no medical evidence supporting it. *Villano*, 556 F.3d at 562.

The plaintiff also cites *Martinez v. Astrue*, 630 F.3d 693 (7th Cir. 2011), to support his objection that the ALJ made summary and insufficient findings regarding plaintiff's credibility. In *Martinez*, the Seventh Circuit took issue with the fact that the ALJ used boilerplate language, and then did not explain which statements were "not entirely credible or how credible or noncredible any of them [were]." *Id*. at 696. The *Martinez* Court could not tell whether the ALJ in that case found the claimants medical history consistent or inconsistent with her claims, and was troubled by the fact that the ALJ did not even mention some of the severe symptoms that the claimant suffered, and discussed very little of the evidence at all. *Id*. at 696-97.

In the case before this Court, however, the ALJ considered most, if not all, of the evidence before him,[2] and based his conclusions, including the credibility of the plaintiff, upon a careful and detailed consideration of the evidence before him, contrary to the cases cited by the plaintiff. The Court is satisfied that the ALJ thoroughly considered the evidence and that his conclusions were supported by substantial evidence. Moreover, the ALJ's use of boilerplate language is not fatal here, because that language is followed by several paragraphs of detailed review of the record, explaining the path to the ALJ's conclusion. This Court can not describe

---

[1] Plaintiff's mother and sister indicated that plaintiff did some household chores, including, cleaning the kitchen and bathroom, cooking, ironing, taking out the trash, shopping for food, and could go outside daily, but that plaintiff's back hurt after standing for a while and that he needed help getting up after sitting for too long. (Tr. 15-16).
[2] "The ALJ is not required to discuss every piece of evidence, but must build a logical bridge from evidence to conclusion." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

the ALJ's opinion as perfunctory or vague.

The ALJ accurately and logically bridged the evidence and his findings, his determinations were supported by the record, and the ALJ "sufficiently articulate[d] his assessment of the evidence to 'assure us that the ALJ considered the important evidence… [and to enable] us to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (citing *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985)).  Plaintiff's objection on the basis of the ALJ's credibility determination, is, therefore, **OVERRULED**.

### CONCLUSION

Accordingly, the Court **OVERRULES** plaintiff's objections (Doc. 26), **ADOPTS IN FULL** the Report and Recommendation of United States Magistrate Judge Clifford J. Proud (Doc. 25), and it is **HEREBY ORDERED AND ADJUDGED** that the Commissioner's final decision denying Milton Johnson Jr.'s application for disability insurance benefits and supplemental security income is **AFFIRMED**.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.


**IT IS SO ORDERED.**
**DATED: January 23, 2013**


                                            **/s/ WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**